UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Valerie Delores House, ) | |
| ) | C/A No.: 4:14-cv-538-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff files this appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("the Act") to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the claim for disability insurance benefits ("DIB").[1] The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and the proper legal standards were applied. For the reasons that follow, the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action as set out herein.

## I. RELEVANT BACKGROUND

### A.     Procedural History

On September 23, 2010, the Plaintiff filed an application for DIB alleging disability since January 7, 2010. The claim was denied initially and upon reconsideration. A hearing was held by an Administrative Law Judge ("ALJ") on August 1, 2012. At the hearing, Plaintiff appeared without

---

[1]This appeal from a denial of social security benefits is before the court for a final order pursuant to 28 U.S.C. § 636(c), Local Civil Rule 73.01(B) (D.S.C.), and the Honorable Timothy M. Cain's November 6, 2014, order referring this matter for disposition. Entry # 22. The parties consented to the undersigned United States Magistrate Judge's disposition of this case, with any appeal directly to the Fourth Circuit Court of Appeals.

representation. The ALJ found in a decision dated August 23, 2012, that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action on February 27, 2014 in the District Court for the District of South Carolina.

**B.     Plaintiff's Background and Medical History**

    **1.     Introductory Facts**

Plaintiff was born on January 1, 1963 and was 47 years old at the time of the alleged onset. (Tr. 19). Plaintiff has past relevant work experience as an order picker, an accounting clerk, and collections clerk. Plaintiff alleges disability due to degenerative discs (in the neck), swelling of legs, frequent dizzy spells, depression, weakness, hepatitis C, vomiting, diabetes, TIA/mini strokes, and acid reflux. (Tr. 58, 132)

    **2.     Medical Records and Opinions**

        **a.     Records before the ALJ**

The parties have both provided a thorough review of the medical evidence before the ALJ in this case in their respective briefs. The Court dispenses with a lengthy recitation thereof here, and instead will note relevant facts and records as necessary.

**C.     The ALJ's Decision**

In the decision of August 28, 2012, the ALJ found the following:

    1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

    2.   The claimant has not engaged in substantial gainful activity since January 7, 2010, the alleged onset date (20 CFR 404.1571, *et seq*.).

    3.   The claimant has the following severe impairments:

        degenerative disc disease; noninsulin-dependent diabetes mellitus; major depressive disorder (20 CFR 404.1520(c)).

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and/or carry (including upward pulling) 20 pounds and frequently lift and/or carry (including upward pulling 10 pounds); stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; frequently climb, balance, stoop, kneel, crouch and crawl; never climbing ladders, ropes or scaffolds. She should avoid unprotected heights and hazardous machinery. The claimant has no manipulative, visual, communicative, or other environmental limitations. The claimant can perform simple 1-2 step instructions without special supervision and may need a flexible schedule in order to meet the demands of a job. She could work on a casual basis with the public. Criticism from supervisors should be infrequent, nonconfrontational, and goal-directed. Changes in the workplace should be infrequent and gradual.

6.     The claimant is unable to perform any past relevant work. (20 CFR 404.1565).

7.     The claimant was born on January 1, 1963 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563).

8.     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.     Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant

        can perform (20 CFR 404.1569 and 404.1569(a)).

11.     The claimant was not under a disability, as defined in the Social Security Act, from January 7, 2010, through the date of this decision. (20 CFR 404.1520(g)).

(Tr. 12-20).

## II. DISCUSSION

The Plaintiff argues that the ALJ erred in her decision, and, <u>inter alia</u>, that remand in this case is warranted. Specifically, Plaintiff raises the following arguments in her brief, quoted verbatim:

I.     The ALJ's step two analysis is not supported by substantial evidence; and

II.     The ALJ failed to consider Ms. House's impairments in combination; and

III.     The ALJ's analysis of the opinion evidence of record is not supported by substantial evidence; and

IV.     The ALJ failed to carry his burden at step five of the sequential evaluation process.

(Plaintiff's brief).

The Commissioner argues that the ALJ's decision that Plaintiff is not disabled is based on substantial evidence, and therefore, should be affirmed.

**A.**     **LEGAL FRAMEWORK**

    **1.**     **The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. See, e.g., Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled

---

[2]The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); see Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3]In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d) (5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir.2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir.1981); see generally Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. See id.; Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Walls, 296 F.3d at 290 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." Vitek v. Finch, 438 F.2d 1157, 1157–58 (4th Cir.1971); see Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir.1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390, 401; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. See Vitek, 438 F.2d at 1157–58; see also Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).

**B.     ANALYSIS**

One of the issues raised by Plaintiff concerns the ALJ's step three analysis. Plaintiff contends that the ALJ's decision that Claimant's impairments or a combination of Plaintiff's impairments did not meet or medically equal a listing is not supported by substantial evidence. To determine whether a claimant's impairments meet or equal a listed impairment, the ALJ identifies the relevant listed impairments and compares the listing criteria with the evidence of the claimant's symptoms. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986) (stating that without identifying the relevant listings and comparing the claimant's symptoms to the listing criteria, "it is simply impossible to tell whether there was substantial evidence to support the determination"). "In cases where there is 'ample factual support in the record' for a particular listing, the ALJ must provide a full analysis to determine whether the claimant's impairment meets or equals the listing." Beckman v. Apfel, No.

WMN–99–3696, 2000 WL 1916316, at *9 (D.Md. Dec.15, 2000) (unpublished opinion) (quoting Cook, 783 F.2d at 1172). While the ALJ may rely on the opinion of a State agency medical consultant in conducting a listing analysis, 20 C.F.R. § 404.1527(f)(2)(iii), the ALJ ultimately bears the responsibility for deciding whether a claimant's impairments meet or equal a listing, id. § 404.1527(e)(2).

> In the instant case, the ALJ's entire Step 3 analysis reads:
>
> The claimant has no impairment which meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations. No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. The claimant's mental condition is not of a severity to satisfy that described by any listed impairment. I have also considered the severity of limitation caused by the claimant's impairments in combination and find that these impairments do not, in combination, cause limitation of a severity equal to that described by any listing.
>
> (Tr. 15)

The ALJ's discussion suggests the ALJ may have considered whether Claimant satisfied a listing pertaining to her major depressive disorder. Otherwise it is unclear what other Listings he may have considered based on this vague and conclusory analysis. The ALJ never mentions any specific listing in his decision. (Tr. 12-20) Moreover, the ALJ did not provide any adequate discussion as to whether Claimant's degenerative disc disease or major depressive disorder, both of which the ALJ identified as severe impairments, met or equaled the requirements of any listing.

> Subsection A of Listing 1.04 provides as follows:
>
> (Disorders of the spine)(e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.   Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by

> sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Plaintiff asserts that her cervical spine MRI dated November 2009 indicated herniated discs resulting in contact of the spinal cord at C4-5 and contact and flattening of the cord at C5-6 (Tr. 251, 347). Plaintiff indicates that examination at the consultative exam showed slightly decreased strength in the lower extremities and decreased range of motion in the cervical spine (Tr. 256-259). Plaintiff also asserts that her carpal tunnel syndrome[4] caused sensory loss in the arms and palms (Tr. 253) as well as decreased grip strength (Tr. 256-259), which she argues presents findings "of equal medical significance" to the missing "sensory or reflex loss" mentioned in Listing 1.04A.[5]  The Commissioner disagrees with Plaintiff's conclusion, but cannot refute the fact that the ALJ conducted no Listing analysis at all with regards to this Listing, or any other. [6]

The ALJ's failure to expressly consider and discuss his findings regarding whether Claimant satisfied a listing constitutes reversible error and warrants a remand to the ALJ to properly consider the issue. As noted above, a court may reverse an ALJ's decision if the decision fails to provide the

---

[4]The Court notes that the ALJ makes no mention of Plaintiff's carpal tunnel syndrome in his decision. In light of the medical records with regards to this medical condition, and the potential relevance to whether Plaintiff has an impairment that meets or medically equals the severity of one of the listed impairments, the Court cannot conclude that substantial evidence supports the ALJ's step 2 analysis. Upon remand further consideration should be given to Plaintiff's impairments at Step 2, and the impact, if any, upon the remaining sequential process.

[5]As noted by Plaintiff, it appears that positive straight leg raise tests are required when there is involvement of the lower back. In this case, Plaintiff's primary complaint arises from the problems with her cervical spine.

[6]The Court notes that in his credibility analysis, the ALJ makes certain findings that might also be relevant to whether Plaintiff meets Listing 12.04. However, again, the ALJ does not identify a Listing nor does he address all of the criteria under Listing 12.04, if in fact that was his intent.

court with sufficient reasoning to determine that the ALJ properly applied the law, Myers, 611 F.2d at 982; Keeton, 21 F.3d at 1066, and a remand under sentence four of § 405(g) may be appropriate to allow the ALJ to explain the basis for the decision, see Smith, 782 F.2d at 1181–82; Gordon, 725 F.2d at 235. Here, the decision fails to identify any listing, to explain the standard to be applied, and to compare Claimant's symptoms to the requirements of the listing. See Cook, 783 F.2d at 1173 (remanding in part because it was "simply impossible to tell whether there was substantial evidence to support the determination" when the ALJ's decision failed to identify the relevant listed impairment and failed to compare each of the listed criteria to the evidence of the plaintiff's symptoms). Without such a discussion, the Court is unable to determine whether the ALJ's decision at Step 3 of the sequential analysis is supported by substantial evidence. Therefore, the case must be remanded for a proper analysis of whether any of Claimant's impairments, or a combination of Claimant's impairments, met or equaled a listed impairment.[7]

Additionally, the Court notes that when a claimant has more than one impairment, the statutory and regulatory scheme for making disability determinations, as interpreted by the Fourth Circuit, requires that the ALJ consider the combined effect of these impairments in determining the claimant's disability status. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989); Lemacks v. Astrue, No. 8:07–2438–RBH–BHH, 2008 WL 2510087 (D.S.C. May 29, 2008), aff'd, 2008 WL 2510040 (D.S.C. June 18, 2008). Even if the claimant's impairment or impairments in and of themselves are not "listed impairments" that are considered disabling per se, the Commissioner must

---

[7]The Court notes that the ALJ's Step 2 analysis suggests that Listings 1.04, concerning disorders of the spine, and 12.04, concerning affective disorders, should be considered under a proper listings analysis, but the Court expresses no opinion as to whether these listings must be considered or are the only listings that should be considered.

also "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B) (2004) (emphasis added). The ALJ must "consider the combined effect of a claimant's impairments and not fragmentize them." Walker, 889 F.2d at 50. "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. The ALJ's declaration that "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1," (Tr. 15) and similar conclusory statements (Tr. 17) are insufficient. Upon remand, the ALJ should consider the combined effect of all of Plaintiff's impairments, severe and non-severe, and, in the decision on remand, explain his evaluation of the combined effect of Plaintiff's multiple impairments, under the law.

As stated above and as a primary basis for remand, the Court is unable to review the ALJ's finding at Step 3 regarding whether Claimant's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. When a claimant's impairment or combination of impairments meets or equals one of the listed impairments in Appendix 1, the claimant is deemed disabled and no further analysis is required. See 20 C.F.R. § 404.1520(a)(4)(iii). Accordingly, because Plaintiff's remaining issues may be rendered moot on remand, the Court need not address them in any further detail. See Neal v. Astrue, 2010 WL 3046987, at * 5 (D.S.C. Aug.2, 2010) (citing Boone v. Barnhart, 353 F.3d 203, 211 n. 19 (3d Cir.2003) (remanding on other grounds and declining to address the claimant's additional arguments)). However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error, specifically, whether the ALJ properly evaluated the medical opinion evidence in the case, and whether the Step

Five analysis was appropriately conducted.

### III.  CONCLUSION

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

**ORDERED** that the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **REMANDED** to the Commissioner for further administrative action as set out above.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 24, 2015  
Florence, South Carolina