UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Valerie Delores House, | ) | |
| | ) | C/A No.: 4:14-cv-538-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon motion of Plaintiff's counsel for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). See 28 U.S.C. §2412. The Commissioner filed a response indicating that she has no objection to the requested amount of fees.

Upon review of the material submitted to the court and finding the fees to be reasonable, the Plaintiff's Motion for Attorney's Fees (ECF No. 29) is granted as outlined herein. The Commissioner shall pay the Plaintiff attorney's fees in the amount of $ 4,106.91 for attorney's fees. Payment of the fees noted herein shall constitute a complete release from and bar to any and all claims plaintiff may have relating to EAJA fees in connection with this action. This award is without prejudice to the right of Plaintiff to seek attorney fees under Section 406(b) of the Social Security Act, subject to the offset provisions of the EAJA.

Pursuant to Astrue v. Ratliff, 560 U.S. 586, 596-98 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff

1

has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

      IT IS SO ORDERED.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 16, 2016
Florence, SC